United States District Court
District of Massachusetts

```
_____
                                )
United States Securities and    )
Exchange Commission,            )
          Plaintiff,            )
                                )   Civil Action No.
          v.                    )   07-11302-NMG
                                )
Daniel R. Howard,               )
          Defendant.            )
_____ )
```

MEMORANDUM & ORDER

GORTON, J.

The defendant, Daniel R. Howard ("Howard"), was fined by the National Association of Securities Dealers ("NASD," which has since changed its name to the Financial Industry Regulatory Authority, or "FINRA") in the amount of $28,484.25 for improper recommendations to his clients and reporting violations. His appeals of that fine to the United States Securities and Exchange Commission ("the SEC") were unsuccessful and, on July 26, 2002, the SEC entered an order affirming the NASD's imposition of the fine. After Howard failed to pay the fine for nearly five years, the SEC brought a summary action in this Court pursuant to § 21(e) of the Securities and Exchange Act of 1934 ("the Act"), 15 U.S.C. § 78u-1. That section permits the SEC to enforce its orders in federal district court.

On August 12, 2008, this Court allowed the SEC's motion to require Howard to comply with the order to pay the fine. Shortly

-1-

thereafter, Howard appealed that decision and filed a motion for a stay of this summary action pending appeal. That motion is resolved as follows.

In deciding whether to issue a stay pending an appeal, a federal district court should consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 777 (1987).

Howard has failed to demonstrate that he is likely to succeed on the merits of his appeal. In support of his motion for a stay, he first denies in purely conclusory fashion that he owes a fine (an argument he made previously in response to this Court's order requiring him to show why he should not have to pay the SEC's fine). He then contends that he is not a member of, nor does he have a contract with, FINRA but he does not explain how those allegations would excuse him from paying the fine. Next, Howard contends that the SEC filed the instant action after the expiration of the five-year statute of limitations set forth in 15 U.S.C. § 78u-1(d)(5). That argument fails because the SEC issued its order on July 26, 2002, and filed this action on July 17, 2007, a little less than five years later. Finally, Howard asserts, for the first time, that he was improperly served in this action but that defense is no longer viable because it has

been waived as a result of his failure to raise it earlier.  <u>See</u> Fed. R. Civ. P. 12(h).

Moreover, Howard has failed to demonstrate that he will suffer any irreparable harm if a stay is not issued.  He claims that he has been denied due process as a result of the actions of the federal government.  If that proves to be true, the Court of Appeals is well positioned to correct that denial and Howard does not explain how that Court would be unable to cure any harm he may have suffered.

With respect to the remaining factors for the issuance of a stay, although the SEC would likely not be substantially harmed by a stay, the public interest does not weigh heavily in favor of either side.  Given that no factor strongly favors Howard, a stay pending his appeal is unwarranted.

**ORDER**

In accordance with the foregoing, the defendant's motion for a stay (Docket No. 34) is **DENIED.**


**So ordered.**


                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge


Dated July 31, 2009

-3-